UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONOVAN L. HALEY,<br><br>          Plaintiff,<br><br>     vs.<br><br>SGT. BEEBE, et al.,<br><br>          Defendants. | 1:14-cv-00017-LJO-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CASE FOR FAILURE TO OBEY COURT ORDERS<br>(Docs. 2, 3.)<br><br>OBJECTIONS, IF ANY, DUE IN THIRTY DAYS |

On January 8, 2014, the Court issued an order requiring Plaintiff to complete and return the court's form for consent to or decline of Magistrate Judge jurisdiction, within thirty days. (Doc. 2.)  The thirty day period expired, and Plaintiff did not file a response to the order.

On January 9, 2014, the Court issued an order requiring Plaintiff to either pay the filing fee for this action or submit an application to proceed in forma pauperis, within thirty days. (Doc. 3.)  The thirty day period expired, and Plaintiff did not file a response to the order.

In determining whether to dismiss this action for failure to comply with the directives set forth in its orders, "the Court must weigh the following factors:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the

public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending since January 6, 2014.  Plaintiff's failure to respond to the Court's orders may reflect Plaintiff's disinterest in prosecuting this case.  In such an instance, the Court cannot continue to expend its scarce resources assisting a litigant who will not help himself by resolving payment of the filing fee and advising the Court if he wishes to consent to Magistrate Judge jurisdiction in his lawsuit.  Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish at 991).  However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to resolve payment of the filing fee that is causing delay.  Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources.  Plaintiff has not paid the filing fee for this action, making it likely that he is indigent and monetary sanctions of little use, and given the early stage of these proceedings, the preclusion of evidence or witnesses is not available.  However, inasmuch as the dismissal being considered in this case is without prejudice, the Court is stopping short of issuing the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal. Id. at 643.

Accordingly, the Court HEREBY RECOMMENDS that this action be dismissed, without prejudice, based on Plaintiff's failure to obey the Court's orders of January 8, 2014 and January 9, 2014.  These findings and recommendations are submitted to the United States

District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 4, 2014**                    **/s/ Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE